UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

T<small>IMOTHY</small> B<small>RIAN</small> F<small>LESSNER</small>,

    Plaintiff,    Case No. 1:19-cv-1035

v.            Honorable Paul L. Maloney

P<small>EOPLE OF THE</small> S<small>TATE OF</small> M<small>ICHIGAN</small> et al.,

    Defendants.
_____/

## **OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

At the time that Plaintiff filed the complaint in this case, he was incarcerated with the Michigan Department of Corrections (MDOC). Plaintiff is currently a parolee and resides in Cadillac, Michigan. Plaintiff sues the People of the State of Michigan and the 19th Judicial Circuit Court in Manistee County, Michigan.

Plaintiff alleges that his due process rights were denied in the 19th Circuit Court in Manistee, Michigan, over the course of his criminal trial. Plaintiff attaches numerous exhibits to his complaint, all of which relate to his state criminal case. Plaintiff does not specify the nature of relief being sought in this case.

### II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Section 1983

Plaintiff specifically states that he is not bringing this action pursuant to 42 U.S.C. § 1983, but is merely asserting claims under the Fourteenth Amendment of the United States Constitution. However, because the Fourteenth Amendment does not provide a private cause of action, § 1983 is the channel through which Plaintiff may argue the violation of a constitutional right in federal court. *Mitchum v. Foster*, 407 U.S. 225, 242 (1972); *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994). Therefore, the Court will analyze Plaintiff's due process and equal protection claims as claims asserted under § 1983.

### IV. Eleventh Amendment immunity

Plaintiff names the People of the State of Michigan as a Defendant in this case. The Court construes such a claim as one against the State of Michigan itself. *McLittle v. O'Brien*, 974 F. Supp. 635, 637 (E.D. Mich. 1997), *aff'd,* 172 F.3d 49 (6th Cir. 1998). Regardless of the form

3

of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court dismisses Plaintiff's claims against the People of the State of Michigan.

In addition, Plaintiff sues the 19th Judicial Circuit Court. The circuit courts of the State of Michigan are clearly arms of the state and, thus, immune from suit. *See, e.g., Nicklay v. Eaton Cty. Circuit Court*, No. 1:08-cv-211, 2008 WL 2139613, at *5 (W.D. Mich. May 20, 2008). Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland Cty. Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). The circuit courts are part of the state government, not the county or the city.

*Judges of the 74th Judicial Dist. v. Bay Cty.*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick*, 803 F.2d at 877. The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton Cty. Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma Cty. Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The 19th Circuit Court must therefore be dismissed on grounds of Eleventh Amendment immunity.

**V.     18 U.S.C. §§ 1001 and 1346**

Plaintiff states that he is asserting a claim under 18 U.S.C. § 1001 and 1346. However, criminal statutes generally do not create private causes of action, *see Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994), and neither 18 U.S.C. § 1001 or § 1346 provide such a cause of action. *Shoemake v. Mansfield City Sch. Dist. Bd. of Educ.*, 61 F. Supp. 3d 704, 711 (N.D. Ohio 2014); *Young v. Overly,* No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018)*, cert. denied*, 139 S. Ct. 1178, 203 L. Ed. 2d 200 (2019).

**VI.    5 U.S.C. § 552**

Plaintiff states that he is asserting a claim under the Freedom of Information Act (FOIA) 5 U.S.C. § 552. The Court notes that the Freedom of Information Act creates a private cause of action for the benefit of persons who have requested certain records from a public agency

5

and whose request has been denied. *United States v. Richardson*, 418 U.S. 166, 204 (1974); *Fieger v. Fed. Election Comm'n*, 690 F. Supp. 2d 644, 648 (E.D. Mich. 2010). Plaintiff has failed to allege facts implicating the protections provided by the FOIA. Therefore, this claim is properly dismissed.

**VII.    28 U.S.C. § 1343, 42 U.S.C. § 1985, and 42 U.S.C. § 1986**

Plaintiff contends that he is asserting claims under 28 U.S.C. § 1343, 42 U.S.C. § 1985, and 42 U.S.C. § 1986. The Court notes that 28 U.S.C. § 1343 provides that federal district courts shall have original jurisdiction over cases to recover damages for any act done in furtherance of a conspiracy covered by 42 U.S.C. § 1985. Therefore, the Court must first determine whether Plaintiff has stated a claim under 42 U.S.C. § 1985.

Plaintiff's 42 U.S.C. § 1985 claim appears to focus on § 1985(2), specifically that Defendants conspired to interfere with due process in state courts with the intent to deprive Plaintiff of his equal protection rights. A conspiracy claim under § 1985 requires proving these elements:

(1) a conspiracy involving two or more persons

(2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and

(3) an act in furtherance of the conspiracy

(4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States.

*See Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994).

As noted above, Plaintiff's complaint consists solely of conclusory allegations. Plaintiff fails to allege any specific facts from which one could find the existence of a conspiracy. A claim of conspiracy cannot be based on conclusory statements. More than mere speculation and

conjecture is required. *See Moore v. City of Paducah,* 890 F.2d 831, 834 (6th Cir. 1989). Therefore, Plaintiff's 42 U.S.C. § 1985 claim is properly dismissed.

Plaintiff's claim under § 1986 fails for the same reason as his § 1985 claim. Section 1986 provides as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person with reasonable diligence could have prevented . . . .

42 U.S.C. § 1986. The cause of action under § 1986, by its terms, is premised on the violation of § 1985. Because Plaintiff fails to state a claim under § 1985, his claim under § 1986 fails as well. *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (explaining that § 1986 is derivative and conditioned on establishing a § 1985 violation); *Browder v. Tipton*, 630 F.2d 1149, 1154 (6th Cir. 1980) (same).

**VIII. State law claims**

Plaintiff also asserts multiple state law claims. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983. Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen.*

7

*Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims.  *Id*.  Dismissal, however, remains "purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).  Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.  Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Plaintiff's state law claims will be dismissed without prejudice.  The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: February 14, 2020     /s/ Paul L. Maloney
                             Paul L. Maloney
                             United States District Judge